Jan. 9, 1906.

———————o———————

## No. 3763.

### Court of Appeal, Parish of Orleans.

### JOHN P. GALVIN, vs. JOHN DERENBECKER.

Besides the plaintiff, four or five witnesses testify to the use by defendant of the language attributed to him, and certainly these remarks were calculated to injure and humiliate plaintiff in his reputation, for which he is entitled to substantial damages, if to any at all.

Appeal from Civil District Court, Division "C."

Dinkelspiel & Hart, for Plaintiff and Appellant.

Dart & Kernan, for Defendant and Appellee.

ESTOPINAL, J.   Plaintiff alleges that he has been slandered and defamed by the defendant, and sues for damages in the sum of two thousand dollars ($2000.00).

Plaintiff avers that on the 26th of September, 1904, between the hours of 9 and 11 o'clock p. m., the defendant used substantially, the following language:

> "That John P. Galvin had been fired from the New Orleans Railways Company, for stealing fares and he was a dirty rat; that he could not do any more knocking down, as he had been fired from the employ of the Railways Company and would get no more chance to steal from them."

The defendant denies making this statement.

Judgment was rendered below in favor of plaintiff and damages fixed at one dollar ($1.00).

Plaintiff, considering this amount insufficient, prosecutes this appeal, defendant answering the same, seeking a reversal.

The reasons of the District Judge for assessing nominal damages are, at best conjectural, as he has not written them.

Our examination of the record satisfies us that he is correct in his judgment except as to the quantum.

Besides the plaintiff, four or five witnesses testify to the use by defendant of the language attributed to him and certainly, these remarks were calculated to injure and humiliate plaintiff in his reputation, for which he is entitled to substantial damages, if to any at all.

The witnesses were separated, and in matters of mere detail is to be found conflicts in their testimony.

Counsel for defendant endeavors to make capital of these immaterial discrepancies in the testimony of witnesses for plaintiff, but this cannot avail him since that character of testimony is more reliable than if it had been corroborative in every particular. At any rate, the rule is, that in all cases of conflicting testimony based upon the recollection of witnesses and on estimates made by them, it is safe to accept the conclusions of the trial judge, whose position enables him to judge with accuracy of the weight to be given to the tetimony of each witness.

Counsel for defendant urges earnestly in brief and in oral argument, that no reliance should be placed in the testimony of witnesses for plaintiff because they are either tenants of defendant or customers in his grocery store, in debt to him, and for that reason, inimical and spiteful; in other words, he would have the Court believe that there existed a conspiracy to which these several persons were parties, having for its purpose the mulcting from defendant of a considerable sum of money.

The defense does not appear in the pleadings, and, if not too late, and we believe it is, is without foundation and not worthy of consideration.

We have critically the testimony given by the defendant and his daughter, and from our appreciation of it, we are of the opinion that it is absolutely unworthy of belief.

It has been repeatedly held in this Court and in the Supreme

117

Court that, where the judge saw and heard the witness, his finding is practically conclusive.

In Rini vs. Greco, not yet reported, the Supreme Court said:

"The case hinged on the credibility of witnesses, and the finding of the trial judge on this question was not manifestly erroneous, and therefore would not be disturbed."

The District Judge having found that the defendant was in fault, should have awarded to plaintiff substantial damages.

In Simpson, vs. Robinson 104 Louisiana, page 180, the Court said:

"When he appealed to the Court for redress against injuries, his case being made out, he was entitled to substantial recognition. It was a case of asking for bread and being given a stone.

"Every man has a right to be protected from defamation, as much as from assault and bodily harm. His reputation is his property, and more valuable than property.

"To maintain one's good name unimpared is the anxious concern of all who possess good names.

"Plaintiff, when denounced and vilified did not take into his own hands the redress of his grievance. He appealed to the Court. This is what the law counsels.

"The law shall be open, and every person, for injury done him, shall have adequate remedy. Such is the mandate of the organic law. It means substantial redress, not the mere form of it.

In the case of Fatjo, vs. Seidel, 109 La. 699, the Court in a slander case reviewed the jurisprudence, quoting approvingly the case referred to, and increased the judgment from $50.00 to $500.00, using this language: The Judge aquo allowed $50.00 damages. If he believed the plaintiff, her son and sister, this was not enough * * * Plaintiff is entitled to substantial damages."

It is accordingly ordered, adjudged and decreed that plaintiff do have and recover of defendant the sum of $100.00, instead of one dollar, with legal interest from the date of judgment appealed from, to-wit: the 8th day of May, 1905, together with costs

of both Courts, and the judgment of the lower Court so amended is affirmed.

Jany. 9, 1906.

Rehearing refused Feb. 5, 1906.